FILED
U.S. DISTRICT COURT
MIDDLE GEORGIA

2006 MAY 30 PM 2: 44

[signature]
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

CEE-BEE PRODUCE, INC.

    Plaintiff

v.                                                                                 Civil Action No: 5:06-cv-181(WDO)

STOKES-SHAHEEN PRODUCE, et al.

    Defendants

### TEMPORARY RESTRAINING ORDER

This matter is before the Court upon plaintiff's Motion for Temporary Restraining Order Without Notice pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Pursuant to Rule 65(b), a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

In this case, it appears from the affidavit of plaintiff's representative that plaintiff is a produce creditor of defendants under Section 5© of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499e©, and has not been paid for produce in the amount of $45,439.10 supplied to defendants as required by the PACA. It also clear that defendants are in severe financial jeopardy and are dissipating PACA trust assets in that on April 14, 2006 and April 26, 2006, defendants tendered two checks in the aggregate amount of $13,667.20 in partial payment of the produce supplied by plaintiff to defendants. However, those checks were returned by the bank due to insufficient funds.

Cee-Bee Produce, Inc. v. Stokes-Shaheen Produce, Inc., et al     Doc. 7

As a result, it appears that the PACA trust assets are threatened with dissipation. Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132 (3rd Cir. 2000).

If notice is given to defendants of the pendency of this motion, trust assets may be further dissipated before the motion is heard. Once dissipation has occurred, recovery of trust assets is all but impossible. H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411. J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bkrtcy. N.D. Fla. 1989); Taminura & Antle, Inc. v. Packed Fresh Produce, Inc., supra. Entry of this Order without notice assures retention of the trust assets under the control of the Court, which is specifically vested with jurisdiction over the trust. 7 U.S.C. §499e(c)(4).

In accord with Rule 65(b)(2), the applicant's attorney has certified why notice should not be required.

Based on the foregoing, the Court finds that plaintiff will suffer immediate irreparable injury in the form of a loss of trust assets unless this order is granted without notice.

Therefore, it is by the United States District Court for the Middle District of Georgia,

**ORDERED, ADJUDGED AND DECREED** that defendants, their customers, agents, officers, subsidiaries, assigns, and banking institutions, shall not alienate, dissipate, pay over or assign any assets of Stokes-Shaheen Produce, Inc. or its subsidiaries or related companies except for payment to plaintiff until further order of this Court or until defendants pay plaintiff $45,439.10 by cashiers check or certified check, at which time this Order is dissolved; and it is further

**ORDERED** that in the event defendants fail to pay plaintiff $45,439.10 by cashiers or certified check within two (2) business days of service of this Order, then the defendants shall file with this Court with a copy to plaintiff's counsel an accounting which identifies all of their assets, liabilities and each account receivable of Stokes-Shaheen Produce, Inc. signed under penalty of perjury; and that defendants shall also supply to plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in connection with the assets and liabilities of Stokes-Shaheen Produce and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

Bond shall be waived in view of the fact that defendants now hold $45,439.10 worth of plaintiff's assets.

This Temporary Restraining Order is entered this 30th day of May, in Macon, GA 2006, at 11:17 Am. A hearing on plaintiff's motion for preliminary injunction is set for the 20th day of June, 2006, at 11:00 a.m. plaintiff shall forthwith serve defendants and their counsel with a copy of this Order.

_William C. Owens, Jr._
United States District Judge